AO 241     PETITION UNDER 28 USC § 2254 FOR WRIT OF
REV 6/82    HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District EASTERN DISTRICT OF LOUISIANA | |
|---|---|---|
| Name David Rushing | Prisoner No. 103801 | Docket No. <u>109-263</u>, Section "E" |
| Place of Confinement Louisiana State Penitentiary | | |
| The Attorney General of the State of Louisiana: " Jeffrey M. (Jeff) Landry | | |

State ex rel. David Rushing
v.
State of Louisiana, Warden, Darrel Vannoy

21-929

SECT. R MAG. 4

## PETITION

1. Name and location of court which entered the judgment of conviction under attack:
   <u>22 Judicial District Court, Parish of St. Tammany, P. O. Box 1090, Covington, LA</u>

2. Date of judgment of conviction: <u>October 10 thru 14, 1983</u>

3. Length of sentence: <u>Death by Electrocution Amended to Life</u>

4. Nature of offense involved (all counts): <u>First Degree Murder & Armed Robbery</u>

5. What was your plea? (Check one)
   - (a) Not guilty    [X]
   - (b) Guilty      [ ]
   - (c) Nolo contendere   [ ]
   - (d) Not guilty by reason of insanity [ ]

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of Trial: (Check one)
   - (a) Jury       [X]
   - (b) Judge only   [ ]

TENDERED FOR FILING

MAY 10 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

7. Did you testify at trial?
   [X] Yes    [ ]

8. Did you appeal from the judgment of conviction?
   [X] Yes    [ ]

X Fee pauper
___Process___
X Dktd___
___CtRmDep___
___Doc. No.___

AO 241
REV 6/82

9. If you did appeal, answer the following:

    (a) Name of court: Louisiana Supreme Court

    (b) Result Denial

    (c) Date of result: 1985

    (d) Grounds raised: Claim #1: The trial court erred in allowing Witherspoon challenges of prospective jurors for the guilt determination phase of the trial, Claim #2: The trial court erred in allowing the prosecutor to attack defense counsel during closing argument, Claim #3: Because of the error patent on the face of the record, the conviction should be reversed, Claim #4: The sentence was excessive because of the defendant's age at the time of the crime, Claim #5: The trial court erred in refusing to allow Deputy Counsin, a jailer, to testify that the co-defendant had made a statement exculpatory as to the defendant, Claim #6: The trial court erred in allowing, during the penalty phase, on an ultimate issue, i.e. whether the homicide was especially cruel, atrocious, or heinous, and Claim #7: The trial court erred in allowing the prosecution to question witnesses during the penalty phase as to whether they thought the defendant should receive the deaht penalty.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

    [X] Yea   ☐ No

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: United States Supreme Court

    (2) Nature of proceeding: Writ of Certiorari

    (3) Grounds raised:

1. Whether the use of Witherspoon challenges for cause against prospective jurors denied the defendant his right to a jury drawn from a cross-section of the community.

2. Whether the defendant was denied his Sixth Amendment Right to present a defense when the trial court denied him the opportunity to present testimony concerning his co-defendant's exculpatory statements.

3. Whether the Supreme Court of Louisiana permitted defendant's sentence of death to stand in violation of the Fourteenth Amendment Right to Due Process because of the interdiction of arbitrary factors during the sentencing phase.

4. Whether eliciting opinions from witnesses during the penalty phase as to the proper sentence to be imposed constituted an arbitrary factor.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  [X] No

(5) Result <u>Denial</u>

(6) Date of result <u>1986</u>

(b) As to any second petition, application or motion give the same information:

(1) Name of court: <u>22nd Judicial District Court, Parish of St. Tammany, Louisiana</u>

(2) Nature of proceeding <u>State Post Conviction petition</u>

AO 241
REV 6/82

(3) Grounds raised (I.) David Rushing's Death Sentence must be reversed because it is based on the Introduction of Unconstitutional Evidence at his Trial, (II.) Mr. Rushing Death Sentence is Invalid and must be Reversed Because he was Denied the Effective Assistance of Counsel at his Sentencing Trial, (III.) Trial Counsel's Deficient Performance at the Guilt Phase of Trial Rendered Petitioner's Conviction Invalid Under the Sixth, Eighth, and Fourteenth Amendments, (IV.) Prosecutorial Misconduct at the Sentencing Phase cannot be Said to Have Had no Effect on the Sentence or be Considered Harmless Error, and (V.) Prosecutorial Misconduct at the Guilt/Innocence Phase of Trial Renders Mr. Rushing's Trial Fundamentally Unfair and Invalidates the Verdict.

(4) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes  [X] No

(5) Result Denial

(6) Date of result October 8, 1987

(c) As to any third petition, application or motion, give the same information:

(1) Name of court: United States District Court, Eastern District of Louisiana

(2) Nature of proceeding Writ of Habeas Corpus

(3) Grounds raised Same as Number 3 above

(4) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes  [X] No

(5) Result Denied

(6) Date of result September 1, 1987

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.         [X] Yes  ☐ No
(2) Second petition, etc.        [X] Yes  ☐ No
(3) Third petition, etc.         ☐ Yes  ☐ No

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

C. Ground three: Whether If Teague v. Lane Did Apply To Petitioner David Rushing, Petitioner

Rushing Still Meets The Requirements Of Teague v. Lane To The Exception Rule?

Supporting FACTS (tell your story *briefly* without citing cases or law): Robert LeRoy McCoy v. Louisiana, 138 S. Ct. 1500, (U. S. La. 2018), Justice Ginsburg, held that: The Sixth Amendment guarantees a defendant the right to choose the objective of his defense and to insist that his counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. Pp.1507-1512.

Mr. Rushing contends his counsel John Simmons was conceding his guilt during opening statements, during parts of his trial and closing statements. Rushing comprehension to what his trial counsel was doing in conceding his guilt confused Rushing to his mental illness state of being, over Rushing vociferous and repeated protestations of innocence did violate Rushing to make the fundamental decisions regarding his case. Rushing contends McCoy should be applied retroactive to his case. This is why the Supreme Court granted certiorari in view of a division of opinion among state courts of last resort on the question whether it is unconstitutional to allow defense counsel to concede guilt over the defendant's intransigent and unambiguous objection.

A. Ground four:

Supporting FACTS (tell your story *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

☐ Yes  [X] No

15. Give the name and address, if known, of each attorney who represented you in the following states of the judgment attacked herein:

(a) At preliminary hearing  John Simmons, Public Defenders Office, Covington, Louisiana

(b) At arraignment and plea: John Simmons, Public Defenders' Office of Covington, LA

AO 241
REV 6/82

(c) At trial: John Simmons, Public Defender Office

(d) At sentencing John Simmons, Public Defender Office

(f) In any post-conviction proceeding Stephen Patrick Doyle, Minneapolis, Minn., Judith Menadue, New Orleans, LA

(g) On appeal from any adverse ruling in a post-conviction proceeding Stephen Patrick Doyle, Minneapolis, Minn., Judith Menadue, New Orleans, LA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

☐ Yes [X] No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes [X] No

(a) If so, give the name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes [X] No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

_____

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 7, 2021
       (date)

*David Rushing*
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

RECEIVED
MAY 10 2021
Legal Programs Department

CASE NO._____

SCANNED at LSP and Emailed
5-10-21 by 105 . 200 pages
date    initials   No.

DAVID RUSHING
Appellant/Petitioner

VERSUS

DARREL VANNOY, WARDEN
Defendant/Respondent

FILED:_____   DEPUTY CLERK:_____

PETITION FOR HABEAS CORPUS RELIEF BY A PRISONER
IN STATE CUSTODY AFTER HAVING BEEN CONVICTED
IN ST. TAMMANY PARISH 22ND JUDICIAL DISTRICT COURT

TENDERED FOR FILING
MAY 10 2021
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Submitted by

*David Rushing*

DAVID RUSHING, #103801
CAMP F, DORM – 2
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712
May 7, 2021

## eFile-ProSe

**From:** Angola E-Filing <EML-FED-ANG-Printers@LA.GOV>
**Sent:** Monday, May 10, 2021 3:25 PM
**To:** eFile-ProSe
**Subject:** Angola E-Filing
**Attachments:** DOC #103801152059.pdf

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.